UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DEON GREGORY GARY,

    Defendant.

CASE NO. MJ 08-70

DETENTION ORDER

Offense charged:

    Felon in Possession of Possession of a Firearm

Date of Detention Hearing: February 25, 2008

    The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    In the incident which gave rise to the present charges, the government alleges the following facts. Defendant was at a bar, and had been drinking. He engaged in a fight with another person in the bar, and was the loser in that fight. He then went to his

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

|   |   |   |
|---|---|---|
| 1 |  | vehicle, retrieved a firearm, and returned to the bar to find his opponent. Other persons |
| 2 |  | present ushered the opponent out of the bar, and called 9-1-1. |
| 3 | (2) | When defendant did not find his opponent, he entered a vehicle and left the scene. |
| 4 |  | Police followed him, and ordered him to stop. After stopping, he attempted to evade |
| 5 |  | the police, and threw the firearm down a side alley. But police saw him do so, |
| 6 |  | captured his actions on video, recovered the weapon, and arrested defendant. |
| 7 | (3) | These circumstances establish that defendant poses a very serious risk to other persons |
| 8 |  | and to the community. If the opponent had not been ushered from the bar defendant |
| 9 |  | could have injured or killed him. Also, when police apprehended defendant, it is very |
| 10 |  | fortunate they did not see the weapon until defendant had already discarded it, or there |
| 11 |  | could have been a shoot-out in which defendant and/or officers could have been |
| 12 |  | wounded or killed. |
| 13 | (4) | Defendant was on state court supervision when the foregoing incident occurred. The |
| 14 |  | activity with the firearm was obviously in violation of the conditions of that |
| 15 |  | supervision. In addition, there was a no-alcohol condition, and defendant also violated |
| 16 |  | that condition. Just prior to this incident, defendant had been charged with violating |
| 17 |  | state conditions by using three different drugs. There is no reason to believe defendant |
| 18 |  | would be any more responsible about complying with federal conditions, if released. |
| 19 | (5) | Defendant contends that he seriously needs drug, alcohol and mental health treatment, |
| 20 |  | and asks the court for release on conditions that will permit his receiving that treatment |
| 21 |  | pending trial in this case. The Pretrial Services Office concurs in that recommendation. |
| 22 |  | With due respect, the court agrees with the premise but not with the conclusion. The |
| 23 |  | court agrees defendant would benefit from such treatment; but the fact remains that he |
| 24 |  | would pose an unacceptable risk of dangerousness if released. While federal authorities |

might have more treatment resources to make available, there is no reason to believe defendant will benefit from those resources any more, or comply with federal conditions any better, than he did while on state supervision. His conduct, as alleged by the government, strongly suggests that from the moment of his release he would pose a serious danger to other persons and the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of February, 2008.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)